Filed 8/11/23  P. v. Puga CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAVIER GUADALUPE PUGA,<br><br>    Defendant and Appellant. | F085231<br><br>(Super. Ct. No. 20CR-01391)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment and sentence following a guilty plea and is authorized by California Rules of Court, rule 8.304(b)(4)(B).

## STATEMENT OF THE CASE

On August 16, 2021, the Merced County District Attorney filed an information alleging that appellant Javier Guadalupe Puga had committed a lewd act upon a child (Pen. Code,[1] § 288, subd. (a); count 1). The information further alleged enhancements for (1) a strike prior within the meaning of section 667, subdivisions. (b)-(i); (2) a prior conviction of an offense specified in section 667.61, subdivision (c); (3) a prior conviction of a serious felony, section 288, subdivision (a), pursuant to section 667, subdivision (a)(1); and (4) a prior conviction of section 288, subdivision (a) within the meaning of section 1203.066, subdivision (a)(5).

On September 20, 2022, Puga entered into a plea agreement pursuant to which he would serve a total of 13 years in state prison, calculated as the aggravated term of eight years for count 1, lewd act upon a child, plus an additional five years for enhancement number 3, a prior conviction of a serious felony, a violation of section 288, subdivision (a), on December 14, 2004. The prior strike and all other enhancements were dismissed. Puga acknowledged that this conviction would count as a separate (second) strike. Time was waived for sentencing, and the court sentenced Puga to the aggravated term of eight years, plus a consecutive term of five years for the enhancement, for a total sentence of 13 years. The court noted an 85 percent credit limitation and put the mater over for a full probation report and custody credit calculation. The court imposed a restitution fine in the amount of $3,900 pursuant to section 1202.4, and imposed but stayed a parole revocation fine in the same amount. The court also imposed a $30 court facilities assessment (Govt. Code, § 70373) and a $40 court operations assessment

---

[1] All statutory references are to the Penal Code unless otherwise stated.

2.

(§ 1465.8). The parties stipulated there was a factual basis to impose the aggravated eight-year sentence.

On October 27, 2022, the trial court awarded 950 days credit for time served from February 14, 2020, to September 20, 2022, plus 142 days conduct credit per section 2933.1, for total credits of 1,092 days.

On November 4, 2022, Puga filed a timely notice of appeal.

## STATEMENT OF FACTS[2]

At the August 16, 2021, preliminary hearing, the confidential victim, J.C., testified about events that had occurred in 2009-2010, when her parents owned a café in Winton, California. She was born in 2003 and was 18 at the time of the hearing but recalled that something happened to her at the café when she was around seven or eight years old. It was summertime between first and second grade.

A waitress named Yadira worked at the café; Puga was her partner. There were no others there with those names. J.C. referred to Puga as "Javie." She did not recognize him at the hearing.

On the day of the incident, J.C. was sleeping on a blanket in a "middle room" where supplies were kept, between the kitchen and a further back room. Her mother sometimes slept there as well, but her parents did not check on her. The restaurant was open, and it was around noon or in the afternoon. When J.C. woke up, Puga's hands were around her and she tugged for about 30 seconds to get out of his grip, causing him to wake up. J.C. got up and walked toward a corner of the room, but Puga walked toward her and then used his hand to touch her vagina over her pants for about 15 seconds. He told her not to tell her mother and father. She could not recall what happened afterward,

---

[2] Because Puga pled, the facts are taken from the testimony adduced at the preliminary hearing on August 16, 2021. At sentencing, the parties stipulated that there was a factual basis for the plea.

how long she was with him, or how she got away. This was the only time anything happened.

J.C. told no one that day, and first told her school counselor after something the counselor said about her own daughter may have triggered it. The counselor told a school officer, who called her parents. She was having trouble with tardiness but no other problems at school. J.C. also talked to someone with CPS who was with a detective and with her support person.

J.C. recalled Puga as being average height, kind of skinny, with a mustache. He did tattoos, including one for her father. He was often in the further back room drawing figures on cups. Puga once called to her and her brother who were outside to come inside to the room where he was, but her dad quickly called them away. J.C. was not around Puga much, but she saw him a couple of times when he would come around when Yadira was working. J.C. went with Yadira to her house once, but Puga was not there.

J.C.'s father, Jose M.C., testified that Yadira used to work for them at the café, and her partner was Puga, whom Jose identified in court. He recalled one time when Puga was left alone with the kids, laying down on the floor with them. He first heard about the incident in 2018 when he received a phone call from one of the officers at his daughter's high school.

**APPELLATE COURT REVIEW**

Puga's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Puga was advised he could file his own brief with this court. By letter on June 2, 2023, we invited Puga to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Puga.

**DISPOSITION**

The judgment is affirmed.